# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| S.P.S., a minor, by and through LINDIE SNYDER, her mother, custodial parent and next friend,<br><br>PLAINTIFF,<br><br>v.<br><br>INSTANT BRANDS, INC., and DOUBLE INSIGHT, INC., d/b/a INSTANT POT COMPANY,<br><br>DEFENDANTS. | CASE NO. 4:19-cv-212<br><br>JUDGE CLAY D. LAND |

**DEFENDANT INSTANT BRANDS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

Defendant Instant Brands, Inc. ("Defendant" or "Instant Brands"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits the following responses and objections to Plaintiff's Second Set of Requests for Production:

**GENERAL OBJECTIONS**

All of the General Objections set forth herein are hereby incorporated by reference into each of the Specific Responses set forth below, and have the same force and effect as if fully set forth therein.

1.  Defendant objects to these Requests for Production ("Requests") to the extent they seek to establish or imply a waiver of Defendant's right to challenge the relevancy, materiality or admissibility of the information or documents provided by Defendant, or Defendant's right to objects to the use of the information or documents in any subsequent proceeding or trial. In responding to these Interrogatories, Defendant does not waive its right to challenge the relevancy, materiality and/or admissibility of the information or documents

provided by Defendant, or to object to the use of the information or documents in any subsequent proceeding or trial.

2. Defendant objects to these Requests to the extent they seek to impose rules, requirements, definitions, or obligations upon Defendant that are inconsistent with or beyond those contained in the Federal Rules of Civil Procedure and/or any other applicable rules.

3. Defendant objects to these Requests to the extent they call for information protected against disclosure by the attorney-client privilege or the attorney work product doctrine. This objection applies, inter alia, to each Request utilizing words or phrases that expand the scope of the Request so as to potentially include privileged information. Any undertakings to provide information in response to any of these Requests should be understood to exclude privileged information. Inadvertent revelation of any protected information will not constitute a waiver of any privilege or any other ground for objections to discovery of the protected information and will not waive the right of Defendant to object to the use of the information during this proceeding.

4. Defendant objects to these Requests to the extent they seek trade secret, proprietary, confidential, developmental, and/or non-public or commercial information of Defendant or any third-party who has provided information to Defendant with the expectation of confidentiality. Defendant will produce such confidential information or documents only upon entry of, and subject to, an appropriate Protective Order by the Court and for use only in this proceeding.

5. Defendant objects to these Requests to the extent they use terms and phrases which are not defined and/or are ambiguous. As a result, such Requests may call for information that is not relevant to an issue in this litigation. The nature of the specific ambiguity may be set

forth in greater detail in Defendant's Responses and Objections. Defendant further objects to these Requests to the extent that words such as "all documents" or "related to," or similar words that may be interpreted so broadly as to call for information that is not reasonably calculated to lead to the discovery of admissible evidence, and/or imposes an unreasonable burden on Defendant.

6. Defendant objects to these Requests to the extent they seek information related to other products or models other than Plaintiff's specific product and/or model.

7. Defendant objects to these Requests to the extent they seek confidential information regarding persons who are not parties to this action and/or that is protected from disclosure pursuant to the physician/patient privilege and/or federal or state statutory and regulatory law, including, without limitation, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.500, et seq.

9. Defendant objects to these Requests to the extent they seek or purport to seek information that is outside the possession, custody or control of Defendant, and/or insofar as they seek information that is already within the possession of Plaintiff, or to which Plaintiff has equal access, or which is in the public domain.

10. Defendant objects to these Requests to the extent Plaintiff asserts that Defendant's Responses and Objections thereto constitute an adoption or acceptance of terms or definitions that Plaintiff has employed. In responding to these Requests, Defendant does not adopt, embrace or accept any term or definition employed by Plaintiff. Defendant has made reasonable efforts to respond to these Requests based on its reasonable interpretation thereof. If Plaintiff subsequently asserts an interpretation of any Request that differs from Defendant's, Defendant reserves the right to supplement its Responses and Objections.

11.     Defendant's searches for information and documents are ongoing and its Responses and Objections to these Requests are based upon the information and documents presently available. Defendant expressly reserves the right to supplement its Responses and Objections in accordance with the Federal Rules of Civil Procedure based upon information learned during discovery and after further investigation.

12.     Defendant objects to Plaintiff's Requests because they are not reasonably limited in time and therefore are overly broad, unduly burdensome and seek information not relevant to the issues in this proceeding and not proportional to the needs of the case.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents identified, referenced, or consulted in connection with your responses to Plaintiff's First Set of Interrogatories, Plaintiff's First Set of Requests for Admission, or these Document Requests, including the custodial files for each person identified in response to any Interrogatory or Document Request.

**RESPONSE: Defendant objects to this Request as vague and ambiguous as "custodial files" is undefined. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality. Subject to these objections, Defendant refers Plaintiff to product documents for the IP-DUO60 V2 for the relevant time period, which may contain responsive information and will be produced upon entry of an appropriate Protective Order by the Court.**

**REQUEST NO. 2:** Your responses to interrogatories, document requests and requests for admission made in any other personal injury, class action or other pressure cooker litigation in

which it was alleged that one or more persons were burned or exposed to the risk of being burned by the steam and/or hot contents of an Instant Brands pressure cooker. Include in your response any pleadings or correspondence that set forth any objections you asserted or that described any materials withheld by you in connection with such prior production, including without limitation all privilege logs and production/load file spreadsheets containing file names, folders, metadata, etc.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks documents regarding other claims, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality, and such production may be violative of Protective Orders entered in other cases.**

**REQUEST NO. 3:** All documents produced by you in any other personal injury, class action or other pressure cooker litigation in which it was alleged that one or more persons were burned or

exposed to the risk of being burned by the steam and/or hot contents of an Instant Brands pressure cooker.

**RESPONSE: Defendant objects that this Request is duplicative of Request No. 2. Please refer to Defendant's objections and responses to Request No. 2.**

**REQUEST NO. 4:** All affidavits, declarations, depositions and other statements made by you or your employees, former employees, representatives, or any other persons acting at your direction or on your behalf in any other personal injury, class action, or other pressure cooker litigation in which it was alleged that one or more persons were burned or exposed to the risk of being burned by the steam and/or hot contents of an Instant Brands pressure cooker.

**RESPONSE:  Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks documents regarding other claims, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality, and such production may be violative of Protective Orders entered in other cases.**

**REQUEST NO. 5:** All documents that identify the following with respect to your pressure cooker product line:

    a.    Product managers;

    b.    Safety managers;

    c.    Regulatory compliance managers;

    d.    Engineering managers, researchers, and developers responsible for the design and proper function of your pressure cookers;

    e.    Managers responsible for labeling, warnings and instructions;

    f.    Managers responsible for advertising, marketing and sales; and

    g.    Managers responsible for business development, including retailer and distributor relationships.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-DUO60 V2, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case.**

Subject to these objections, Defendant states that the only product model at issue in this case is the IP-DUO60 V2, as alleged in Plaintiff's Complaint. Information sought regarding any other product model is overbroad and irrelevant to any of the claims or defenses in this lawsuit. Defendant further responds that Guangdong Midea ("Midea") is the manufacturer of various Instant Pot models during the time period at issue in this case,

including the Instant Pot model that Plaintiff claims she used at the time of the incident. Thus, upon information and belief, Midea may have employed individuals with titles listed in this Request. Defendant identifies April Ma, Regional Sales Manager for North America for Midea. Additionally, Defendant responds that its Vice President of Product Management is Yi Qin, its Director of Global Product Compliance is Jennifer Pritchard, its Marketing Manager is Shelley Hutchinson, and its Director of Sales is Wade Kellems. These individuals are employed by Defendant and may only be contacted by written request to undersigned counsel.

**REQUEST NO. 6:** All documents concerning the design and design process for the IP-DUO 60/80 V2 ("Duo 6 Quart/Duo 8 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, including engineering drawings and other documents showing the precise dimensions and specifications for the pressure cookers' components.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-DUO60 V2, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

**Subject to these objections, Defendant states that the only product model at issue in this case is the IP-DUO60 V2, as alleged in Plaintiff's Complaint. Defendant states that Midea, as the manufacturer of IP-DUO60 V2, would have the information requested. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Midea retains engineering drawings and specifications on its own behalf. Defendant also refers Plaintiff to product documents for the IP-DUO60 V2 for the relevant time period, which may contain responsive information and will be produced upon entry of an appropriate Protective Order by the Court.**

**REQUEST NO. 7:** For the IP-DUO 60/80 V2 ("Duo 6 Quart/Duo 8 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, produce all documents recording or reflecting the testing protocols applicable to each model, and all documents showing when, where and how the tests were performed and what the test results were. Include in your response, without limitation, the testing documentation for the "10 proven safety mechanisms" referenced at page 4 of the IP-DUO 60/80 V2 ("Duo 6 Quart/Duo 8 Quart") owner's manual, and the safety components listed in subparts a-j of Interrogatory No. 2.

**RESPONSE:  Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, assumes facts, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-DUO60 V2, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this**

case. Defendant further objects to the extent this Request seeks information that may be protected by the attorney-client and/or attorney-work product privileges. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to these objections, Defendant states that the only product model at issue in this case is the IP-DUO60 V2, as alleged in Plaintiff's Complaint. Defendant further responds that Midea is the manufacturer of IP-DUO60 V2. Midea, without any involvement by Defendant, tests the product to ensure its design and product is safe to use. Quality control is the sole responsibility of Midea and Midea does not provide Defendant with any quality control or quality assurance documentation, policies or procedures. Defendant has no control over the quality control or quality assurance process. Defendant refers Plaintiff to product documents for the IP-DUO60 V2 for the relevant time period, which includes UL certification documents, and will be produced upon entry of an appropriate Protective Order by the Court.

**REQUEST NO. 8:** All Instant Brands pressure cooker product manuals, warnings, product and promotional literature, web pages, social media listings, promotional videos and all other documents containing language to the effect that the lid of an Instant Brands pressure cooker cannot be removed until all pressure has been released from the pressure cooker.

**RESPONSE:** Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects

on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-DUO60 V2, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects that this Request seeks publicly accessible information and documents which are equally available to Plaintiff. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.

Subject to these objections, Defendant refers Plaintiff to the applicable user manual for the IP-DUO60 V2, which speaks for itself. Defendant further responds that Midea is the manufacturer of IP-DUO60 V2. Midea provided original warnings and instructions with the IP-DUO60 V2. Defendant further responds that any web pages, social media postings and promotional videos are publicly available and therefore equally accessible to Plaintiff. Defendant refers Plaintiff to product documents for the IP-DUO60 V2 for the relevant time period, which may contain responsive information and will be produced upon entry of an appropriate Protective Order by the Court.

**REQUEST NO. 9:** For the IP-DUO 60/80 V2 ("Duo 6 Quart/Duo 8 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, produce all complaints, claims or incidents in which it is alleged that a person was burned in connection with the use of one of your pressure cookers, and produce all summaries, investigations, assessments, evaluations and other documents you prepared regarding each such complaint, claim or incident.

**RESPONSE**: **Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding other claims, lawsuits, and products and/or models other than Plaintiff's specific product, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine and/or prepared in anticipation of litigation.**

**REQUEST NO. 10:** For the IP-DUO 60/80 V2 ("Duo 6 Quart/Duo 8 Quart") and all other pressure cooker models identified in your answer to Interrogatory No. 2, produce all documents pertaining to the design, engineering and testing associated with each of the safety features described at page 4 of the owner's manual for the IP-DUO 60/80 V2 ("Duo 6 Quart/Duo 8 Quart") model pressure cooker involved in this lawsuit:

    a.    Safety lid lock;

    b.    Pressure regulator;

    c.    Leaky lid smart detection;

    d.    Anti-blockage vent;

    e.    Magnetic sensor for lid position detection;

    f.    Auto pressure control;

    g.    Excess pressure protection;

    h.    Auto temperature control;

      i.       High temperature monitoring; and

      j.       Power fuse cut off.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case. Defendant further objects on grounds that the Request seeks information regarding products and/or models other than Plaintiff's specific model, the IP-DUO60 V2, which are not at issue in this case and are not relevant to the case. Defendant further objects on grounds this Request is not reasonably limited in time or scope or tailored to the specific issues in this case. Defendant further objects on the ground that this Request seeks trade secret, confidential, research, proprietary, developmental and/or non-public commercial documents of Defendant and third parties who have provided information or documents to Defendant with the expectation of confidentiality.**

Subject to these objections, Defendant states that the only product model at issue in this case is the IP-DUO60 V2, as alleged in Plaintiff's Complaint. Defendant states that Midea, as the manufacturer of IP-DUO60 V2, would have the information requested. Although Defendant defines product requirements for Midea, it is Midea's sole responsibility to manufacture and mechanically design the product to meet those requirements. Midea retains all design, engineering and testing documentation on its own behalf. Defendant refers Plaintiff to product documents for the IP-DUO60 V2 for the relevant time period, which includes UL certification documents and will be produced upon entry of an appropriate Protective Order by the Court. Defendant is unaware of any other documents responsive to this request. Defendant will supplement this response if non-

**privileged, responsive information is identified.**

  Respectfully submitted this 23rd day of July, 2020.

              **LEWIS BRISBOIS BISGAARD &
              SMITH LLP**

              */s/ Jessica C. Odom*
              Jessica Cabral Odom
              Georgia Bar Number 140935
              1180 Peachtree Street, NE
              Suite 2900
              Atlanta, Georgia 30309
              Telephone: 404.567.6586
              Facsimile: 404.467.8845
              Jessica.Odom@lewisbrisbois.com

              *Counsel for Defendant Instant Brands, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| S.P.S., a minor, by and through LINDIE SNYDER, her mother, custodial parent and next friend,<br><br>     PLAINTIFF,<br><br>v.<br><br>INSTANT BRANDS, INC., and DOUBLE INSIGHT, INC., d/b/a INSTANT POT COMPANY,<br><br>     DEFENDANTS. | CASE NO. 4:19-cv-212<br><br>JUDGE CLAY D. LAND |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2020, I served the foregoing **DEFENDANT INSTANT BRANDS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION** via email on the following attorneys of record:

Cale Conley, Esq.
**CONLEY GRIGGS PARTIN, LLP**
4200 Northside Parkway, NW
Building One, Suite 300
Atlanta, GA 30327
404-467-1155
cale@conleygriggs.com

Michael K. Johnson, Esq.
Kenneth W. Pearson, Esq.
Adam J. Kress, Esq.
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com
*Attorneys for Plaintiff*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Jessica C. Odom*
Jessica Cabral Odom
Georgia Bar Number 140935
1180 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30309
Telephone: 404.567.6586
Facsimile: 404.467.8845
Jessica.Odom@lewisbrisbois.com

*Counsel for Defendant Instant Brands, Inc.*