# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| S.P.S., a minor, by and through LINDIE SNYDER, her mother, custodial parent and next friend,<br><br>PLAINTIFF,<br><br>v.<br><br>INSTANT BRANDS, INC., and DOUBLE INSIGHT, INC., d/b/a INSTANT POT COMPANY,<br><br>DEFENDANTS. | CASE NO. 4:19-cv-212<br><br>JUDGE CLAY D. LAND |

**DEFENDANT INSTANT BRANDS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION**

Defendant Instant Brands, Inc. (hereinafter, "Defendant" or "Instant Brands"), pursuant to Rule 36 of the Federal Rules of Civil Procedure, serves its objections and responses to Plaintiff's Second Set of Requests for Admissions.

**GENERAL OBJECTIONS**

All of the General Objections set forth herein are hereby incorporated by reference into each of the Specific Responses set forth below, and have the same force and effect as if fully set forth therein.

1. Defendant objects to these Requests to the extent they seek to establish or imply a waiver of Defendant's right to challenge the relevancy, materiality or admissibility of the information or documents provided by Defendant, or Defendant's right to objects to the use of the information or documents in any subsequent proceeding or trial. In responding to these Requests, Defendant does not waive its right to challenge the relevancy, materiality and/or

admissibility of the information or documents provided by Defendant, or to object to the use of the information or documents in any subsequent proceeding or trial.

2.  Defendant objects to these Requests to the extent they seek to impose rules, requirements, definitions, or obligations upon Defendant that are inconsistent with or beyond those contained in the Federal Rules of Civil Procedure and/or any other applicable rules.

3.  Defendant objects to these Requests to the extent they call for information protected against disclosure by the attorney-client privilege or the attorney work product doctrine. This objection applies, inter alia, to each Request utilizing words or phrases that expand the scope of the Request so as to potentially include privileged information. Any undertakings to provide information in response to any of these Requests should be understood to exclude privileged information. Inadvertent revelation of any protected information will not constitute a waiver of any privilege or any other ground for objections to discovery of the protected information and will not waive the right of Defendant to object to the use of the information during this proceeding.

4.  Defendant objects to these Requests to the extent they seek trade secret, proprietary, confidential, developmental, and/or non-public or commercial information of Defendant or any third-party who has provided information to Defendant with the expectation of confidentiality. Defendant will produce such confidential information or documents only upon entry of, and subject to, an appropriate Protective Order by the Court and for use only in this proceeding.

5.  Defendant objects to these Requests to the extent they use terms and phrases which are not defined and/or are ambiguous. As a result, such Requests may call for information that is not relevant to an issue in this litigation. The nature of the specific ambiguity may be set

forth in greater detail in Defendant's Responses and Objections. Defendant further objects to these Requests to the extent that words such as "all documents" or "related to," or similar words that may be interpreted so broadly as to call for information that is not reasonably calculated to lead to the discovery of admissible evidence, and/or imposes an unreasonable burden on Defendant.

6. Defendant objects to these Requests to the extent they seek information related to other products or models other than Plaintiff's specific product and/or model.

7. Defendant objects to these Requests to the extent they seek confidential information regarding persons who are not parties to this action and/or that is protected from disclosure pursuant to the physician/patient privilege and/or federal or state statutory and regulatory law, including, without limitation, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.500, et seq.

9. Defendant objects to these Requests to the extent they seek or purport to seek information that is outside the possession, custody or control of Defendant, and/or insofar as they seek information that is already within the possession of Plaintiff, or to which Plaintiff has equal access, or which is in the public domain.

10. Defendant objects to these Requests to the extent Plaintiff asserts that Defendant's Responses and Objections thereto constitute an adoption or acceptance of terms or definitions that Plaintiffs have employed. In responding to these Requests, Defendant does not adopt, embrace or accept any term or definition employed by Plaintiff. Defendant has made reasonable efforts to respond to these Requests based on its reasonable interpretation thereof. If Plaintiff subsequently asserts an interpretation of any Request that differs from Defendant's, Defendant reserves the right to supplement its Responses and Objections.

11. Defendant's searches for information and documents are ongoing and its Responses and Objections to these Requests are based upon the information and documents presently available. Defendant expressly reserves the right to supplement its Responses and Objections in accordance with the Federal Rules of Civil Procedure based upon information learned during discovery and after further investigation.

12. Defendant objects to Plaintiff's Requests because they are not reasonably limited in time and therefore are overly broad, unduly burdensome and seek information not relevant to the issues in this proceeding and not proportional to the needs of the case.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that consumers are being burned by the steam and/or hot contents of Instant Brands pressure cookers when the person operating the cooker does not realize the unit is still pressurized and removes the lid.

**RESPONSE: Defendant Instant Brands objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or otherwise prepared in anticipation of litigation. Any determination regarding the cause of the alleged incident would necessarily be a conclusion or opinion reached in anticipation of litigation or for trial.**

**Defendant further objects on grounds that this Request calls for a legal conclusion regarding proximate cause and/or an expert opinion and therefore is a genuine issue of law or fact to which this Defendant is not qualified to respond to. The purpose of requests for admission is to eliminate from controversy matters that will not be disputed at trial. Therefore, Defendant is unable to admit or deny this request as stated.**

**REQUEST NO. 2:** Admit that you began receiving reports from the Consumer Product Safety Commission of burns to consumers associated with the use of Instant Brands pressure cookers no later than 2016.

**RESPONSE: Defendant Instant Brands objects to this Request on grounds that it is overly broad and not tailored to the specific facts and allegations in this case in that it would encompass all reports of "burns to consumers," including those that are not relevant to the facts and issues in this case. Defendant further objects to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or otherwise prepared in anticipation of litigation. Any determination regarding the cause of the alleged incident would necessarily be a conclusion or opinion reached in anticipation of litigation or for trial.**

**Defendant further objects on grounds that this Request calls for a legal conclusion regarding proximate cause and/or an expert opinion and therefore is a genuine issue of law or fact to which this Defendant is not qualified to respond to. The purpose of requests for admission is to eliminate from controversy matters that will not be disputed at trial. Therefore, Defendant is unable to admit or deny this request as stated.**

**REQUEST NO. 3:** Admit that you began receiving reports from consumers of burns to consumers associated with the use of Instant Brands pressure cookers no later than 2016.

**RESPONSE: Defendant Instant Brands objects to this Request on grounds that it is overly broad and not tailored to the specific facts and allegations in this case in that it would encompass all reports of "burns to consumers," including those that are not relevant to the facts and issues in this case. Defendant Instant Brands objects to this Request to the**

extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or otherwise prepared in anticipation of litigation. Any determination regarding the cause of the alleged incident would necessarily be a conclusion or opinion reached in anticipation of litigation or for trial.

Defendant further objects on grounds that this Request calls for a legal conclusion regarding proximate cause and/or an expert opinion and therefore is a genuine issue of law or fact to which this Defendant is not qualified to respond to. The purpose of requests for admission is to eliminate from controversy matters that will not be disputed at trial. Therefore, Defendant is unable to admit or deny this request as stated.

**REQUEST NO. 4:** Admit that you have not changed the warnings or instructions provided with the Instant Brands IP-DUO 60/80 V2 ("Duo 6 Quart/Duo 8 Quart") to reduce the potential for burn injuries since 2016.

**RESPONSE:** Defendant Instant Brands objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or otherwise prepared in anticipation of litigation. Any determination regarding the cause of the alleged incident would necessarily be a conclusion or opinion reached in anticipation of litigation or for trial.

Defendant further objects on grounds that this Request calls for a legal conclusion regarding proximate cause and/or an expert opinion and therefore is a genuine issue of law or fact to which this Defendant is not qualified to respond to. The purpose of requests for admission is to eliminate from controversy matters that will not be disputed at trial. Subject to and without waiving this objection, denied as stated. Defendant further states that any changes to the user manual would have been made by the manufacturer, Midea.

**REQUEST NO. 5:** Admit that you have not studied why consumers are being burned by Instant Brands pressure cookers.

**RESPONSE: Defendant Instant Brands objects to this Request on grounds that it is vague and ambiguous in its use of the undefined term "studied" and is overly broad and general and not tailored to the specific facts and issues in this case. Defendant further object to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or otherwise prepared in anticipation of litigation. Any determination regarding the cause of the alleged incident would necessarily be a conclusion or opinion reached in anticipation of litigation or for trial.**

**Defendant further objects on grounds that this Request calls for a legal conclusion regarding proximate cause and/or an expert opinion and therefore is a genuine issue of law or fact to which this Defendant is not qualified to respond to. The purpose of requests for admission is to eliminate from controversy matters that will not be disputed at trial. Subject to and without waiving this objection, denied as stated.**

**REQUEST NO. 6:** Admit that you have not determined why consumers are being burned by Instant Brands pressure cookers.

**RESPONSE: Defendant Instant Brands objects to this Request on grounds that it is overly broad and general and not tailored to the specific facts and issues in this case and would encompass incidents or issues that are not relevant to this case. Defendant Instant Brands objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or otherwise prepared in anticipation of litigation. Any determination regarding the cause of the alleged**

incident would necessarily be a conclusion or opinion reached in anticipation of litigation or for trial.

Defendant further objects on grounds that this Request calls for a legal conclusion regarding proximate cause and/or an expert opinion and therefore is a genuine issue of law or fact to which this Defendant is not qualified to respond to. The purpose of requests for admission is to eliminate from controversy matters that will not be disputed at trial. Therefore, Defendant is unable to admit or deny this request as stated.

**REQUEST NO. 7:** Admit that the "Safety lid lock" referred to on page 4 of the owner's manual for the Instant Brands IP-DUO 60/80 V2 ("Duo 6 Quart/Duo 8 Quart") does not always prevent the lid from opening until all pressure has been released from the pressure cooker.

**RESPONSE:** Defendant Instant Brands objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or otherwise prepared in anticipation of litigation. Any determination regarding the cause of the alleged incident would necessarily be a conclusion or opinion reached in anticipation of litigation or for trial.

Defendant further objects on grounds that this Request calls for a legal conclusion regarding proximate cause and/or an expert opinion and therefore is a genuine issue of law or fact to which this Defendant is not qualified to respond to. The purpose of requests for admission is to eliminate from controversy matters that will not be disputed at trial. Subject to and without waiving this objection, denied as stated. The unit was designed by the manufacturer, not Defendant Instant Brands, so that it cannot be opened by normal user actions when pressurized. Additionally, the product is designed to satisfy the UL 136

**Cover Opening Test (section 9), which requires the application of a 100 lbs. point load in a specified manner.**

**REQUEST NO. 8:** Admit that the "Leaky lid smart detection" referred to on page 4 of the owner's manual for the Instant Brands IP-DUO 60/80 V2 ("Duo 6 Quart/Duo 8 Quart") does not always prevent the lid from opening until all pressure has been released from the pressure cooker.

**RESPONSE: Defendant Instant Brands objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or otherwise prepared in anticipation of litigation. Any determination regarding the cause of the alleged incident would necessarily be a conclusion or opinion reached in anticipation of litigation or for trial.**

**Defendant further objects on grounds that this Request calls for a legal conclusion regarding proximate cause and/or an expert opinion and therefore is a genuine issue of law or fact to which this Defendant is not qualified to respond to. The purpose of requests for admission is to eliminate from controversy matters that will not be disputed at trial. Subject to and without waiving this objection, denied as stated. The unit was designed by the manufacturer, not Defendant Instant Brands, so that it cannot be opened by normal user actions when pressurized. Additionally, the product is designed to satisfy the UL 136 Cover Opening Test (section 9), which requires the application of a 100 lbs. point load in a specified manner.**

**REQUEST NO. 9:** Admit that the "Magnetic sensor for lid position detection" referred to on page 4 of the owner's manual for the Instant Brands IP-DUO 60/80 V2 ("Duo 6 Quart/Duo 8

Quart") does not always prevent the lid from opening until all pressure has been released from the pressure cooker.

**RESPONSE: Defendant Instant Brands objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or otherwise prepared in anticipation of litigation. Any determination regarding the cause of the alleged incident would necessarily be a conclusion or opinion reached in anticipation of litigation or for trial.**

**Defendant further objects on grounds that this Request calls for a legal conclusion regarding proximate cause and/or an expert opinion and therefore is a genuine issue of law or fact to which this Defendant is not qualified to respond to. The purpose of requests for admission is to eliminate from controversy matters that will not be disputed at trial. Subject to and without waiving this objection, denied as stated. The unit was designed by the manufacturer, not Defendant Instant Brands, so that it cannot be opened by normal user actions when pressurized. Additionally, the product is designed to satisfy the UL 136 Cover Opening Test (section 9), which requires the application of a 100 lbs. point load in a specified manner.**

**REQUEST NO. 10:** Admit that the lid of the Instant Brands IP-DUO 60/80 V2 ("Duo 6 Quart/Duo 8 Quart") can be removed while the pressure cooker is still pressurized.

**RESPONSE: Defendant Instant Brands objects to the extent this Request seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, and/or otherwise prepared in anticipation of litigation. Any determination regarding the cause of the alleged incident would necessarily be a conclusion or opinion reached in anticipation of litigation or for trial.**

**Defendant further objects on grounds that this Request calls for a legal conclusion regarding proximate cause and/or an expert opinion and therefore is a genuine issue of law or fact to which this Defendant is not qualified to respond to. The purpose of requests for admission is to eliminate from controversy matters that will not be disputed at trial. Subject to and without waiving this objection, denied as stated. The unit was designed by the manufacturer, not Defendant Instant Brands, so that it cannot be opened by normal user actions when pressurized. Additionally, the product is designed to satisfy the UL 136 Cover Opening Test (section 9), which requires the application of a 100 lbs. point load in a specified manner.**

This 23rd day of July, 2020.

                                              **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                              */s/ Jessica C. Odom*
Jessica Cabral Odom
Georgia Bar Number 140935
1180 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30309
Telephone: 404.567.6586
Facsimile: 404.467.8845
Jessica.Odom@lewisbrisbois.com

*Counsel for Defendant Instant Brands, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| S.P.S., a minor, by and through LINDIE SNYDER, her mother, custodial parent and next friend,<br><br>                    PLAINTIFF,<br><br>v.<br><br>INSTANT BRANDS, INC., and DOUBLE INSIGHT, INC., d/b/a INSTANT POT COMPANY,<br><br>                    DEFENDANTS. | CASE NO. 4:19-cv-212<br><br>JUDGE CLAY D. LAND |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2020, I served the foregoing **DEFENDANT INSTANT BRANDS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS** via email on the following attorneys of record:

Cale Conley, Esq.
**CONLEY GRIGGS PARTIN, LLP**
4200 Northside Parkway, NW
Building One, Suite 300
Atlanta, GA 30327
404-467-1155
cale@conleygriggs.com

Michael K. Johnson, Esq.
Kenneth W. Pearson, Esq.
Adam J. Kress, Esq.
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com
*Attorneys for Plaintiff*

                                      **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                      */s/ Jessica C. Odom*
                                      Jessica Cabral Odom
                                      Georgia Bar Number 140935
                                      1180 Peachtree Street, NE
                                      Suite 2900
                                      Atlanta, Georgia 30309
                                      Telephone: 404.567.6586
                                      Facsimile: 404.467.8845
                                      Jessica.Odom@lewisbrisbois.com

                                      *Counsel for Defendant Instant Brands, Inc.*