```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

S.P.S., *a minor, by and through*      \*
LINDIE SNYDER, *her mother,*
*custodial parent and next friend*,    \*

    Plaintiffs,                       \*

vs.                                    \* CASE NO. 4:19-CV-212 (CDL)

INSTANT BRANDS, INC. and DOUBLE        \*
INSIGHT, INC.,
                                       \*
    Defendants.
                                       \*

## O R D E R

Regrettably, counsel for the parties in this action have been unable to resolve discovery disputes, which the Court is convinced could have been resolved with a little more effort and a lot more good faith. Duty bound to help parties who apparently cannot help themselves under such circumstances, the Court orders the following resolution, which it acknowledges lacks absolute precision. Plaintiff's motion to compel (ECF No. 25) is granted to the extent described below.

To place this discovery dispute in the proper context, some brief background is appropriate. Plaintiff alleges that she was injured by Instant Brands' Instant Pot pressure cooker, model IP-DUO 60 V2, when the product's lid blew off while the cooker was still pressurized. Based on the Court's review, the main discovery dispute between the parties is the extent to which

evidence of other similar incidents may be discovered. Instant Brands argues that it should only be required to produce discovery regarding other similar incidents involving the IP-DUO 60 V2 model for two years prior to the incident that gave rise to this action. Plaintiff, on the other hand, contends that Instant Brands should be required to produce discovery related to other similar incidents involving both the model at issue here and other Instant Pot models with a nearly identical lid, with no time limit.

The starting point for court-ordered resolution of the parties' disagreement is the relevant law. The Eleventh Circuit "has concluded that prior similar incidents illustrating a potential design defect are admissible if (1) the proponent makes a showing that the prior accidents are substantially similar, (2) the prior accidents are not too remote in time, and (3) the probative value of the evidence outweighs any potential prejudice or confusion." *Crawford v. ITW Food Equip. Grp., LLC*, 977 F.3d 1331, 1350 (11th Cir. 2020). The rationale rests first upon the fundamental notion that such evidence is relevant. It is probative of an issue in the case. As the Court of Appeals has observed, substantially similar incidents "might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a

product, the standard of care, and causation." *Id.* (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1988)). And the Court of Appeals has recognized that substantial similarity does not mean precise exactitude. In *Crawford*, for example, the Eleventh Circuit found that the district court did not err in admitting safety reports regarding "either the same blade guard used on the [specific saw model that injured the plaintiff], or one substantially similar in that it had to be moved into place manually by the operator." *Id.* at 1351. That is because "the reports were substantially similar in the manner most relevant in" the case in terms of the "serious danger that exists, and the foreseeable serious injury . . . that occurs when inevitable human error combines with an unguarded saw blade." *Id.* Thus, here, any incidents that are substantially similar to Plaintiff's are discoverable, even if they involved a different model Instant Pot—as long as the incident involved a substantially similar lid and the product allegedly malfunctioned in a way that was substantially similar to the way that Plaintiff's Instant Pot did, causing similar injuries.[1]

Based on the foregoing authority, Instant Brands' blanket contention that only incidents involving the same exact pot are

---

[1] Plaintiff represents that the replacement lid for the DUO model is also the replacement lid for several other models. Plaintiff therefore believes that the lids for these models are identical to the lids for the IP-DUO 60 V2 and have identical or nearly identical safety features.

3

discoverable is unpersuasive.  Plaintiff is entitled, at a minimum, to preliminary information about other pots that may have been involved in substantially similar incidents.[2] Therefore, the Court orders Instant Brands to produce the following information on each Instant Pot model which during the five years preceding Plaintiff's incident in this case produced an event in which the lid blew off while the cooker was still pressurized:[3] (1)the model number; (2) the specifications that would permit a reasonable person to determine whether the model is substantially similar to the IP-DUO 60 V2 in terms of its lid and its safety features for using the product's pressure cooker feature; (3) a description of the nature of the event, including the date and injuries allegedly sustained; and (4) for those incidents which Instant Brands maintains were not substantially similar to the incident alleged by Plaintiff, a statement by Defendant as to why it contends that the model and/or incident is not substantially similar to the IP-DUO 60 V2 in terms of the features relevant to this case.  Instant Brands shall produce this information within twenty-one days of the date of this

---

[2] Plaintiff seems to assert, based on a high-level overview of safety features from the Instant Pot website, that all the Instant Pot models had the same safety features, but Instant Brands argues that the website is not enough to establish a factual showing of substantial similarity.

[3] The Court recognizes that crafty lawyers could theoretically try to hide the ball by parsing the language, "the lid blew off" or "while the cooker was still pressurized."  But when this plain language is interpreted using the lens of good faith, the Court is confident its clear meaning can be understood.

4

Order.  After Instant Brands produces this information, the Court expects the lawyers to confer in good faith on which Instant Pot models are at least arguably substantially similar to the IP-DUO 60 V2, and Instant Brands should be able to expeditiously produce other similar incident evidence for incidents involving these models where the product allegedly malfunctioned in the same way that Plaintiff's Instant Pot did, causing similar injuries.

The Court is hopeful that given its guidance in this order, counsel will be able to resolve the other issues raised in Plaintiff's motion to compel.  If that does not happen, Plaintiff may file a new motion to compel, narrowly tailored to address the issues where there is a genuine impasse between the two sides.  Such a motion should identify the precise evidence Plaintiff seeks, the specific reason Defendants gave for not producing it, and Plaintiff's argument (supported by binding authority) why the evidence is discoverable.  Any response should be similarly distilled to the critical issues that the Court needs to decide.  The Court declines to impose sanctions at this time.

Finally, if Instant Brands has not yet produced a privilege log or the discovery responses it promised Plaintiff in mid-December, it should do so within fourteen days of the date of this order.

IT IS SO ORDERED, this 28th day of January, 2021.

                                              S/Clay D. Land
                                              CLAY D. LAND
                                              U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA