

April 15, 2020

Johnson Becker, PLLC
Adam Kress
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
(612)-436-1908
akress@johnsonbecker.com

**Re: Snyder v. Instant Pot**
**Preliminary Expert Report of David Rondinone, Ph.D., M.E.**

Dear Mr. Kress:

Berkeley Engineering & Research (BEAR) was asked to inspect a subject pressure cooker and determine if the subject pressure cooker could cause the injuries sustained by Ms. Snyder, and if so what features of the subject pressure cooker would lead to those injuries.

My understanding is that discovery in this matter has not been completed, so this is a preliminary report. The assumed facts set forth here are based on information provided by Ms. Snyder's attorneys. My report will be revised as appropriate based on the facts obtained during the discovery process, including written discovery and depositions.

**Qualifications**

I hold an M.S. degree and a Ph.D. degree in Mechanical Engineering from the University of California, Berkeley, majoring in material behavior and design and minoring in structures and dynamics and electronic controls. I also hold a B.S. degree in Engineering Physics and a B.A. degree in Astrophysics from University of California, Berkeley.

From 1993 to the present, I have worked as a Mechanical Engineering Consultant, and I am a principal of Berkeley Engineering And Research, Inc. (referred to herein as "BEAR"). I have worked for more than 25 years in the areas of failure analysis, design, and risk assessment of consumer and industrial equipment, including pressure cookers.

**EXHIBIT 2**

I am a registered professional engineer in the state of California. As a mechanical engineer, I have further specialties in the fields of risk assessment, risk management, materials, material behavior, and sensing devices (wired and wireless) to indicate hazard and damage in mechanical and electro-mechanical systems. A copy of my curriculum vitae is attached to this Report as Exhibit A.

**Background**

It is my understanding that Lindie Snyder was familiar with the Instant Pot IP-DUO60 pressure cooker, and had used it approximately 2 to 4 times per week to make dishes including meatloaf, soups, and hot beverages. On December 28, 2017, Ms. Snyder, a middle school principal, was at home with her children, L., S., and J.. At approximately 2:30 in the afternoon, she combined Swiss Miss hot chocolate mix, water, and a little milk in the Instant Pot to the half-full level of the pot. She plugged in the pressure cooker, secured the lid, and selected the "soup" setting from the Instant Pot control panel – a process she had used for other hot drinks in the pressure cooker. The timer set itself for 30 minutes.

When the cooking was complete, the pressure cooker made a beeping sound. Ms. Snyder waited for the pressure to go down, then placed the pressure control valve in the release position. Ms. Snyder then turned the lid by hand to open the pressure cooker. While turning the lid, the lid popped off of the pressure cooker and flew from her hands, landing several feet away. Her daughter, S., was standing next to her, and was struck in the face and chest by the hot contents of the Instant Pot that were forcefully expelled from the pressure cooker. J. was also in the kitchen and was struck with some of the contents. Ms. Snyder and her oldest daughter L. made ice packs, and Ms. Snyder and her three children drove to the doctor, stopping at a grocery store for more ice on the way.

**Documents and Items Reviewed**

- Initial Disclosure Documents
- Instant Pot Duo Manual
- Evidence pressure cooker
- Exemplar pressure cookers

**EXHIBIT 2**

**Evidence Inspection and Analysis**

I have inspected and analyzed the evidence provide in this matter – an Instant Pot Electric Pressure Cooker Model IP-DUO60, 6 quart capacity.



**Figure 1:** The subject product label: Instant Pot model IP-DUO60.

The lid design uses a pressure-based interlock system common to many other consumer grade- pressure cookers (see **Figure 2**, below). Without internal pressure, a Float Valve rests in a down and open position which allows the Lid Locking Pin to move freely so that, as the lid is rotated, the Lid Locking Pin can easily ride over a locking flange on the Exterior Pot (see **Figure 3**, below). As pressure under the lid increases, the float valve gets pushed upward and will obstruct the free movement of the sliding lock attached to the Lid Locking Pin. The obstructed sliding lock is intended to prevent the lid from being opened while the cooker is pressurized by preventing the lid from rotating past the locking flange.

**EXHIBIT 2**



**Figure 2:** The underside of the subject lid shows the Float Valve (in the open position), the Lid Locking Pin (in the extended position), and the Exhaust Valve.

**EXHIBIT 2**



**Figure 3:** The Exterior Pot has a series of flanges that engage with matching flanges on the lid when the lid is rotated into the closed position. One flange will engage with the Lid Locking Pin. When the Float Valve is up, the extended Lid Locking Pin should not allow the lid to rotate.

Inspection of the subject pressure cooker revealed that the Float Valve and Lid Locking Pin mechanism fail to provide an interlock against opening the lid under pressure despite the intended purpose of the design. With the Float Valve held in the up/closed/pressurized position, the lid could be rotated by hand from a fully closed position to a fully open position. The Lid Locking Pin failed to provide the proper resistance to this opening action.

In general, a locking mechanism intended to prevent a person from exposing themselves to a pressurized hazard should not be overcome by hand nor should it rely upon variable and unknown friction to provide resistance to opening.

**Engineering Design and Manufacture Evaluation**

The design of the subject pressure cooker cannot be properly evaluated until after the available design documents have been produced, reviewed, and analyzed. It is possible that a defective design led to the failure event and injuries in this matter; it is possible that the defect is in manufacture and did not meet the design requirements; and it is possible that both design and

**EXHIBIT 2**

manufacture were defective. These matters will be addressed when the necessary design documents have been provided through discovery.

Additionally, the warnings and instructions intended to be provided with and on the subject pressure cooker will be evaluated once such related documents are provided through discovery.

**Opinions and Conclusions**

In general, a locking mechanism intended to prevent a person from exposing themselves to a pressurized hazard should provide a definite stop and not be overcome by hand, nor should it rely upon variable and unknown friction to provide resistance to opening.

The subject pressure cooker is therefore defective. After the cooker completes a cooking cycle, a lifted, clogged or stuck Float Valve and a clogged or closed Exhaust Valve can give the user the impression that the pressure has been relieved due to the absence of steam coming from the cooker, when in fact the cooker is still pressurized. With a properly functioning interlock, the cooker lid should not rotate, and therefore not open, when the pressure cooker is still pressurized. Without a properly functioning interlock, the resistance to opening the lid will be dependent on the amount of friction between the lid and the Exterior Pot, which can vary with the amount of pressure inside the cooker and the amount of lubrication from food products between the lid and the Exterior Pot.

My opinions and conclusions in this report have been made to a reasonable degree of engineering certainty. Those opinions and conclusions are subject to modification if and when new information or evidence becomes available.

Sincerely,

David Rondinone, Ph.D., P.E.

**EXHIBIT 2**