IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

S.P.S., *a minor, by and through*      *
LINDIE SNYDER, *her mother,*
*custodial parent, and next friend*,   *

 Plaintiffs,                      *

vs.                                    * CASE NO. 4:19-CV-212 (CDL)

INSTANT BRANDS, INC. and DOUBLE        *
INSIGHT, INC.,
                                  *
 Defendants.                      *
_____        *

O R D E R

 Disappointingly, counsel for the parties again seek the Court's intervention on simple discovery disputes that they should have been able to resolve themselves.  Presently pending before the Court are Plaintiff's motion to compel discovery responses (ECF No. 34) and Plaintiff's motion to remove confidentiality designations (ECF No. 35).  Those motions are both granted to the extent set forth below.

 As a preliminary matter, it is clear to the Court that Defendant Instant Brands Inc. is largely to blame for the disputes presented by Plaintiff's current motions.  Plaintiff asserts—and Instant Brands does not seriously dispute—that Instant Brands refused to provide verified interrogatory answers, failed to produce a privilege log that complies with

Federal Rule of Civil Procedure 26, and refused to remove confidentiality designations from non-confidential documents.

Instant Brands also failed to meet the Court's deadlines from a prior discovery order. In that order, the Court required Instant Brands to provide the discovery responses it had promised Plaintiff in mid-December by February 11, 2021. Order 5 (Jan. 28, 2021), ECF No. 31. The Court further ordered Instant Brands to produce other similar incidents information by February 18, 2021. *Id.* at 4-5. Instant Brands represents that it began reviewing electronically stored information databases so it could provide responses in accordance with the Court's order on February 1, 2021, only forty-two days before discovery closed. The review is now expected to take until at least mid-August 2021. Instant Brands contends that the "vast majority" of the present discovery disputes "will be resolved once [Instant Brands] has been given an opportunity to review and incorporate documents in its possession that are responsive to Plaintiff's requests." Def.'s Resp. to Pl.'s Mot. to Strike 2, ECF No. 42. Discovery, though, closed on March 15, 2021. The dispositive motion deadline was April 15, 2021. Neither side moved for an extension of these deadlines. Yet, more than a month after discovery closed, Instant Brands sought a stay of

discovery so it can complete its document review and engage in settlement negotiations.[1]

The Court will not "stay" discovery.  The Court does, however, find good cause to reopen discovery.  Though the parties did not file a motion to extend the discovery deadline or the dispositive motion deadline, Plaintiff is "willing to allow Instant Brands the additional time it says it needs for review."  Pl.'s Mem. in Supp. of Mot. to Strike 7, ECF No. 34-1. Within fourteen days of today's Order, the parties shall submit a joint proposed amended scheduling order to get discovery back on track.  The Court now turns to the specific issues presented by Plaintiff's motions.

## I.   Interrogatory Answers and Discovery Responses

The first dispute is over Defendant Instant Brands Inc.'s interrogatory answers, other similar incidents evidence, privilege log, and overdue discovery responses.

### A.   Unverified Interrogatory Answers

Federal Rule of Civil Procedure 33(b)(3) requires that each interrogatory "must, to the extent it is not objected to, be

---

[1] Instant Brands also summarily argues that Plaintiff's discovery requests regarding how the product that allegedly injured Plaintiff is designed, manufactured, and sold and the discovery requests regarding other similar incidents are overly broad and not proportionate to the needs of the case.  Instant Brands did not, though, establish that the discovery sought and the associated costs are sufficiently disproportionate to warrant excusal from having to produce the relevant materials.  If the parties wish to engage in settlement negotiations, they are welcome to do so, but exploratory settlement discussions are not good cause for a stay of discovery.

answered separately and fully in writing under oath." Instant
Brands does not dispute that it provided unverified answers and
unverified amended answers to Plaintiff's interrogatories and
did not provide verified answers even though Plaintiff
repeatedly asked for them. Plaintiff filed a motion to strike
the unverified interrogatory answers; three weeks after
Plaintiff filed that motion, Instant Brands finally provided
verified answers to the interrogatories. Instant Brands offered
no explanation for its refusal to answer the interrogatories
under oath until after Plaintiff filed a motion on the issue.
Although the Court declines to strike the now-verified
interrogatory responses, the Court finds that sanctions are
warranted.[2] *See* Fed. R. Civ. P. 37(a)(5) (requiring sanctions if
interrogatory answers are provided after a motion to compel them
is filed unless certain exceptions that do not apply here are
met). The Court addresses the amount of sanctions below.

B.   Other Similar Incidents Evidence

The Court ordered Instant Brands to produce the following
information by February 18, 2021: for "each Instant Pot model
which during the five years preceding Plaintiff's incident in
this case produced an event in which the lid blew off while the
cooker was still pressurized: (1) the model number; (2) the

---

[2] Plaintiff sought sanctions in her motion to compel, and Instant
Brands had an opportunity to be heard on the issue.

specifications that would permit a reasonable person to determine whether the model is substantially similar to the IP-DUO 60 V2 in terms of its lid and its safety features for using the product's pressure cooker feature; (3) a description of the nature of the event, including the date and injuries allegedly sustained; and (4) for those incidents which Instant Brands maintains were not substantially similar to the incident alleged by Plaintiff, a statement by Defendant as to why it contends that the model and/or incident is not substantially similar to the IP-DUO 60 V2 in terms of the features relevant to this case." Order 4 (Jan. 28, 2021), ECF No. 31 (footnote omitted).

Instant Brands does not dispute that it failed to provide complete other similar incidents information as required by the Court's order. Instant Brands does not object to providing the information that the Court previously ordered, but it contends that it needs more time to complete its review because of difficulties exporting data from its trouble ticket databases. Instant Brands represents that it will supplement its responses after it completes its document review.[3] As discussed above, the Court will reopen discovery to permit Instant Brands to comply with its discovery obligations, and the parties shall confer on

---

[3] Under the circumstances, it may make sense for Instant Brands to have a rolling production; that is something the parties can address when they discuss their proposed amended scheduling order.

an amended scheduling order to expeditiously resolve the outstanding discovery.

The Court's prior order did not address whether Instant Brands would be required to produce other similar incidents evidence regarding incidents that occurred after the one at issue in this action.  Since a dispute appears to be brewing on this issue, the Court observes that under binding Eleventh Circuit precedent, "evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation."  *Hessen ex rel. Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990).  Thus, as the Court has previously observed, the relevance of other similar incident evidence "is not dependent solely upon whether it is probative of prior notice."  *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004 (CDL), 2010 WL 1962943, at *1 (M.D. Ga. May 14, 2010).  Such evidence may be relevant to issues of causation or a product's dangerousness; so as long as subsequent occurrences satisfy the "substantial similarity" test, they should be discoverable.  *Id.* at *1 & n.1; *accord Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977) ("While an

accident occurring after the one under investigation might not have been relevant to show defendant's prior knowledge or notice of a product defect, it may have been highly relevant to causation[.]").[4]

C.   Privilege Log

The Court previously ordered Instant Brands to produce a privilege log within fourteen days of the Court's January 28, 2021 order.  Instant Brands does not dispute that it failed to provide a complete privilege log that complies with Federal Rule of Civil Procedure 26(b)(5).  The "privilege logs" Instant Brands did produce with its supplemental Rule 26(a)(1) disclosures contain only a date, a Bates range, and the basis for the privilege assertion.  That is not enough.  Rule 26(b)(5)(A)(ii) requires the party withholding information under a claim of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  It is not clear from the present record whether Instant Brands cured the deficiencies in its privilege log after Plaintiff filed her motion to compel; if Instant Brands has not already cured the deficiencies, it shall do so within seven days

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

of today's Order, and any supplemental privilege logs shall comply with Rule 26(b)(5). Instant Brands gave no reason for failing to provide a complete privilege log despite Plaintiff's requests for one. Sanctions are warranted. *See* Fed. R. Civ. P. 37(a)(5) (requiring sanctions if Rule 26(a) disclosures are provided after a motion to compel them is filed unless certain exceptions that do not apply here are met); Fed. R. Civ. P. 37(b)(2)(C) (requiring sanctions on a party who disobeys a discovery order). The Court addresses the amount of sanctions below.

### D.   Other Discovery Responses

Instant Brands does not dispute that it failed to produce the discovery responses it promised to Plaintiff by mid-December 2020, even after the Court ordered Instant Brands to produce those responses within fourteen days of the Court's January 28, 2021 order. It is not clear why Instant Brands promised discovery responses for mid-December 2020 if it did not have sufficient information to meet the extended deadline it requested, but Plaintiff appears to accept that Instant Brands will produce additional documents and supplement its interrogatory answers based on its continuing document review. Instant Brands represents that its supplemental responses will include information and documents regarding its communications with the Consumer Product Safety Commission and documents from

the product manufacturer, Guangdong Midea Consumer Electric Manufacturing Co. ("Midea").   Instant Brands' supplemental discovery responses should also include an explanation of what product testing it did (if any) and whether it is aware of any product testing performed by Midea.

E.   Sanctions

As discussed above, sanctions are warranted for Instant Brands' refusal to provide verified interrogatory answers and failure to produce a privilege log that complies with Rule 26. Plaintiff's counsel submitted declarations stating that the fees and costs incurred for prosecuting and preparing the motion to compel verified interrogatory responses and compliance with the Court's January 28, 2021 order total $17,800.00: 30.0 hours of a partner's time at a rate of $500 per hour and 8.0 hours of an associate's time at a rate of $350 per hour.   Pearson Decl. ¶ 16, ECF No. 34-2; Kress Decl. ¶ 22, ECF No. 34-3.   The motion to compel acknowledges that Plaintiff is willing to allow Instant Brands additional time to complete its document review and supplement its discovery responses regarding other similar incidents and certain other topics, so the Court declines to impose sanctions with regard to those two issues.   But Instant Brands offered no justification for its refusal to verify the interrogatory answers or its failure to provide an adequate privilege log.   The Court finds that a reasonable sanction is

$3,200.00—5.0 hours of a partner's time and 2.0 hours of an associate's time incurred in prosecuting the motion to compel on these two issues. Instant Brands shall pay $3,200.00 to Plaintiff, through Plaintiff's counsel, within thirty days of today's Order.

## II. Confidentiality Designations

The second dispute is over Instant Brands' confidentiality designations. Under the protective order the parties agreed to, a party may designate certain discovery material as confidential. *See generally* Protective Order (Dec. 15, 2020), ECF No. 23. The protective order also outlines a process for challenging confidentiality designations and provides that if the issue cannot be resolved between the parties, then the dispute should be presented to the Court by motion. *Id.* ¶ 9. Here, Instant Brands designated certain documents as confidential, including product user manuals, product information webpages, product packaging materials, and product and recipe booklets. When Plaintiff challenged these confidentiality designations, Instant Brands refused to permit its attorney to remove them. It was only after Plaintiff's counsel filed a motion to remove the confidentiality designations that Instant Brands agreed to remove them. Instant Brands offered no explanation for failing to resolve the issue without putting Plaintiff to the expense of filing a motion.

"Courts have inherent authority to 'police' the proceedings before them." *Stimson v. Stryker Sales Corp.*, 835 F. App'x 993, 998 (11th Cir. 2020) (per curiam) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, (1991)). "Courts can sanction parties who have acted in bad faith, vexatiously, wantonly, or oppressively." *Id.* (citing *Chambers*, 501 U.S. at 45–46). "A court may conclude that a party has acted in bad faith 'by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Id.* (quoting *Chambers*, 501 U.S. at 46). "Appropriate sanctions for such a finding include . . . an award of attorney's fees." *Id.* Again, Instant Brands gave no legitimate explanation for its refusal to change the designations when Plaintiff first challenged the designations. The Court finds that Instant Brands acted in bad faith in refusing to remove the confidentiality designations for documents that were obviously not confidential, including public websites and inserts that came with its products that were sold to members of the public. As a sanction for this conduct, Instant Brands shall pay Plaintiff reasonable expenses incurred in prosecuting the motion to compel removal of confidentiality designations.

Plaintiff's counsel submitted declarations stating that the fees and costs incurred for prosecuting and preparing the motion to compel removal of confidentiality designations total

$3,025.00: 5.0 hours of a partner's time at a rate of $500 per hour and 1.5 hours of an associate's time at a rate of $350 per hour.  Pearson Decl. ¶ 6, ECF No. 35-2; Kress Decl. ¶ 8, ECF No. 35-3.  Instant Brands shall pay Plaintiff the $3,025.00 incurred in prosecuting the motion to compel removal of confidentiality designations.  Payment shall be made to Plaintiff, through Plaintiff's counsel, within thirty days of today's Order.

CONCLUSION

Plaintiff's motion to compel discovery responses and for sanctions (ECF No. 34) is granted to the extent set forth above. Plaintiff's motion for sanctions in connection with its motion to compel removal of confidentiality designations (ECF No. 35) is granted.  Within thirty days of today's Order, Instant Brands shall pay Plaintiff a total of $6,225.00 in sanctions as explained above.  Within fourteen days of today's Order, the parties shall submit a joint proposed amended scheduling order to expeditiously resolve the outstanding discovery.[5]

IT IS SO ORDERED, this 18th day of May, 2021.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

_____

[5] The Court is confident that today's order will capture counsel's attention.  To the extent that it does not, counsel is on notice that the severity of sanctions will escalate if the Court is required to resolve future similar discovery disputes.